875 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CHILD, an infant who sues by her PARENT and next friend
parent, Plaintiff-Appellant,
v.
Robert R. SPILLANE, in his official capacity as
Superintendent, Fairfax County Virginia, Public
Schools; School Board of Fairfax
County, Virginia, Defendants-Appellees.
 No. 88-2162.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 12, 1989.
Decided: May 24, 1989.
 
 Kenneth Edward Labowitz (Fagelson, Schonberger, Payne and Arthur; Frank M. Feibelman, Wright and Associates, on brief), for appellants.
 Thomas John Cawley (Grady K. Carlson, John F. Cafferky, Hunton & Williams, on brief), for appellees.
 Before WIDENER, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 A child, who has not been more specifically identified for good and sufficient reasons, sued the School Board of Fairfax County, Virginia, and the Superintendent thereof to protest promulgation of a Policy Statement 2108, the purpose of which was "to establish policy regarding students who have Acquired Immunodeficiency Syndrome (AIDS), or who are carrying the AIDS-associated virus which is the Human Immunodeficiency Virus (HIV)." Fairfax County had been subjected to an incident involving a school-age individual who had contracted the virus, with a resulting furor of publicity.
 
 
 2
 Parents of the child had been long time residents of Fairfax County. They had left it only because of the AIDS controversy and had indicated an intention to return if a satisfactory solution were achieved. We find, under the special circumstances of the case, that the plaintiff had standing, and turn to the merits of the controversy.
 
 
 3
 Essentially, the notification on the subject made by the school board was general in nature, and the district court found that there was no personal identification of the child. Such finding was not faulty as clearly erroneous. Therefore, a constitutional violation of the child's privacy interests has not been proven.
 
 
 4
 While it is obviously impossible to guard with certainty from disclosure a matter of great public interest or curiosity, bearing in mind the inquisitive nature of newspapers and other media, nevertheless, the school system's planned notification was reasonably structured so as to be unlikely to lead to identification of a particular student. It has been constructed in most general terms.
 
 
 5
 Nor does the generalized notice of the Policy Statement 2108 violate the rights of the child under the Family Educational Rights and Privacy Act, 20 U.S.C. Sec. 1232g. For that statute to come into play, there must have been a list of personal characteristics or other information that would make a complaining student's identity easily traceable. The district judge's finding that identity was not easily traceable was not clearly erroneous, and the judgment is, therefore,
 
 
 6
 AFFIRMED.